■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH GENE TESTA, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Fischer, J.), rendered March 1, 1982 in Broome County, upon a verdict convicting defendant of the crime of rape in the first degree. ¶ On May 12, 1983, this court reversed defendant's conviction of rape in the first degree on the ground that the trial court abused its discretion as a matter of law in finding that no substantial right of defendant was affected by the inadvertent disclosure during the jury's deliberations that a codefendant had pleaded guilty (94 AD2d 852). The People appealed and, on March 29, 1984, the Court of Appeals reversed our decision and remitted the case to this court for a determination of the facts (61 NY2d 1008). The facts of this case are adequately set forth in our prior decision and will not be repeated here. ¶ Concerning the issue of whether the jury's verdict was tainted by information gained from a source outside the evidence as a matter of fact, we are constrained to uphold the conclusion reached by the trial court. Although the evidence developed on the posttrial hearing was conflicting, it was for the trier of facts to resolve issues of credibility in the first instance. An appellate court should not substitute its judgment for that reached by the trier of the facts when the latter's determination is supported by credible evidence. ¶ Defendant also urges that several other alleged trial errors require reversal of his conviction for rape in the first degree: (1) failure to prove his guilt beyond a reasonable doubt; (2) improper denial of his motion to dismiss the indictment in the interest of justice; (3) improper denial of his motion to dismiss the indictment on the ground that the proof adduced at trial differed from the allegations in the indictment; (4) error in the trial court's charge on the intent necessary to commit the crime of rape; (5) denial of his motion for discovery of the police file on the complainant; (6) denial of his motion for discovery of the prosecutor's notes of the prosecutor's interviews with the complainant; (7) the failure of the trial court to exclude the victim's testimony describing the codefendant's sexual activities with her; and (8) the prosecutor's improper vouching for the veracity of the complainant in his summation. ¶ Not all of the above allegations of error require comment. The verdict of guilty was amply supported by credible evidence. Defendant's argument that the prosecution proved only a threat by Steven Gordon and that its theory of defendant's threat by adoption constituted an improper amendment of the indictment, is without merit. There was no change in the legal theory or lack of proof of an element of the crime. The People attempted to show that defendant used the presence of the broken bottle in the car as a threat against the complainant to achieve his ends. Such proof was not at variance with the indictment (see *People v Iannone,* 45 NY2d 589). ¶ Examination of the record indicates that the trial court adequately charged the jury on the question of intent. There was also no error in the trial court's failure to exclude testimony of the sexual activities between the complainant and the codefendant in the car, as that evidence bore on the issue of consent and was part of the *res gestae* (see *People v Locke,* 70 AD2d 686). ¶ We find that none of the other errors alleged by defendant require reversal. The judgment of conviction should therefore be affirmed. ¶ Judgment affirmed. Mahoney, P. J., Kane, Mikoll and Levine, JJ., concur.