(November 19, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. WATSON, JR., Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 3, 1985, upon a verdict convicting defendant of two counts of the crime of sexual abuse in the first degree.

On this appeal, defendant challenges the admission into evidence of his confession to police regarding the sexual abuse of two infant girls occurring on December 21, 1984. It is his contention that his statement was not voluntarily made. The People's case was based in large measure upon defendant's confession. Defendant contends that the confession was secured in violation of his *Miranda* rights. In denying defendant's motion to suppress the confession, County Court found that defendant admitted the sexual misconduct, that *Miranda* rights were given and that defendant waived his *Miranda* rights. The court concluded, as a matter of law, that defendant was fully and adequately advised of his constitutional rights prior to any custodial interrogation and that his statement was both reliable and voluntarily given.

County Court resolved inconsistencies in the accounts by the police and by defendant to defendant's disadvantage. In circumstances where credibility is at issue, this court will not substitute its judgment for that of the trier of fact *(People v Testa,* 103 AD2d 973). The record indicates that the People

sustained their burden of proof in establishing the voluntariness of defendant's statement.

Defendant also raises the issue of whether the police, by their tactics, tricked him into falsely incriminating himself. The police questioned him about a pubic hair found upon one of the children which was subsequently determined not to be his. They also told him that bite marks found on one victim could be matched with his dental configuration. Such comparison was never made. Neither one of these statements was uttered to intentionally mislead defendant. Not until the eve of trial did the police learn that the hair was not defendant's. The statement about the hair could not therefore have been intended to mislead. Also, the statement about matching the bite marks was not intended to make defendant falsely incriminate himself. There is such a technique in current use. The People's failure to avail themselves of the technique does not make their statement an artifice intended to elicit a false statement.

Defendant also contends that he was prejudiced by County Court's failure to give a "missing witness" charge involving the People's failure to call the two infant victims to testify. We find no merit in this contention. Defendant knew at an early stage of the legal proceedings that the People would not call the infants to testify. He failed, however, to make his request known until the evidence was closed and both sides had rested. Such an untimely request put the People at a great disadvantage and was correctly denied (see, People v Gonzalez, 68 NY2d 424).

Finally, defendant raises the issue of excessiveness of the sentence imposed, 1 to 3 years' imprisonment on each count, the terms to run consecutively. Considering the serious nature of the crime and finding no abuse of County Court's discretion, we decline to intervene.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.