■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR WALDRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 11, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was prejudiced by the court's refusal to give a "missing witness" charge with respect to the People's failure to call two witnesses. The record reveals that the defendant was aware during the early stages of the proceedings that the People did not intend to call these witnesses. The defendant waited, however, until both sides had rested at the close of evidence to make his request to charge. The untimely request put the People at a great disadvantage and was thus correctly denied *(see, People v Gonzalez,* 68 NY2d 424; *People v Watson,* 134 AD2d 729; *see also, People v Boyajian,* 148 AD2d 740).

The prosecutor's remarks in summation regarding the credibility of the People's witnesses constituted a fair response to defense counsel's summation during which he continually stressed the police officers' "embellishment" of the facts *(see, People v Crawford,* 130 AD2d 678; *People v Oakley,* 114 AD2d 473). Other alleged improprieties in the prosecutor's summation passed without objection and are thus unpreserved for our review *(see, People v Dordal,* 55 NY2d 954, 956). In any event, although some of the prosecutor's remarks were perhaps better left unsaid, they did not deprive the defendant of a fair trial *(see, People v Rodriguez,* 143 AD2d 109).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.