■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINA PENDLETON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered January 24, 1989, convicting her of criminally negligent homicide, upon a jury verdict, and imposing sentence of an indeterminate term of 1 to 3 years' imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence from an indeterminate term of 1 to 3 years' imprisonment to a determinate term of one-year imprisonment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contentions, the court properly denied the defense counsel's belated request for a "missing witness" charge with respect to a police officer whom the People chose not to call as a witness at trial. The record reveals that although the defense counsel was first alerted to the possibility that the officer would not be called as a witness

during the *Huntley* hearing and was so informed during the People's case at trial, counsel delayed until after the close of evidence to make his request for the charge *(see, People v Gonzalez,* 68 NY2d 424, 427-428). By waiting until after the close of evidence to alert the court to the "missing witness" issue, the defendant's counsel failed to act as soon as practicable *(see, People v Gonzalez, supra).* Moreover, the defense counsel failed to carry his burden of establishing that the officer, who was not a witness to the crime, was in a position to provide testimony "material [to an] issue pending in the case" *(People v Gonzalez, supra,* at 427).

We note that pursuant to a request by defense counsel, the trial court arranged, with the prosecutor's assistance, for the officer to be present during trial on three separate occasions. Despite the foregoing, and although the officer was present in court on one occasion for at least a day and a half during the defendant's case, the defense counsel nevertheless declined to call him on the defendant's behalf.

We have determined that the interest of justice warrants a reduction in the defendant's sentence to the extent indicated. Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.