■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGERS BRADLEY, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered January 6, 1986, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied his request for a missing witness charge. The defendant waited until both sides had rested to make his request to charge. The untimely request put the People at a disadvantage and was thus correctly denied *(see, People v Gonzalez,* 68 NY2d 424; *People v Waldron,* 154 AD2d 635). In any event, "there is no duty on the prosecutor to call at trial every witness to a crime" and no prejudice or deprivation of due process will be found if certain witnesses are not called, providing that there is no suppression of evidence potentially favorable to the defendant *(People v Stridiron,* 33 NY2d 287, 292; *People v Buckler,* 39 NY2d 895, 897; *People v Hicks,* 154 AD2d 713).

We also disagree with defendant's contention that the submission to the jury of a verdict sheet containing written instructions constituted reversible error, since the record shows that defense counsel expressly consented to this procedure *(see, People v Hallums,* 157 AD2d 800).

We have examined the defendant's remaining contention

and find it to be unpreserved for appellate review. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.