*589 OPINION OF THE COURT
Titone, J.
Defendant, who was convicted primarily upon the testimony of two undercover narcotics officers, contends that the identification testimony of one of the officers should have been precluded since the People did not serve a CPL 710.30 notice with regard to that testimony even though the officer had "previously identified” defendant within the meaning of CPL 710.30. We agree. Because that officer’s prior identification of defendant was police-arranged, and was not within the category of confirmatory identifications recently described by this Court as being of a kind not "ordinarily burdened or compromised by forbidden suggestiveness” (People v Wharton, 74 NY2d 921, 922), the People’s failure to comply with the notice requirements of CPL 710.30 was improper and, accordingly, defendant’s motion to preclude should have been granted.
On October 21, 1986, two undercover officers, "Officer John Smith” and "Officer Jane Doe,”[1] were assigned to investigate the reported sale of controlled substances at a number of locations in the 77th Precinct in Brooklyn. Pursuant to this assignment, Officer Smith approached and attempted to purchase "crack” cocaine from a man present at one of these locations. Officer Doe, who was waiting nearby in an unmarked car, observed Officer Smith and the man from approximately 50 to 75 feet away. Upon completion of the sale, Officer Smith radioed a description of the seller to his backup unit so that they could make the arrest. However, by the time the backup unit arrived, the subject had left and could not thereafter be found.
On November 18, 1986, while Officer Smith was involved in another "buy and bust” operation, he fortuitously spotted the "lost subject” from the October 21st sale. Since he was still acting undercover, Officer Smith did not attempt to make the arrest himself. Instead he radioed his backup unit, to which Officer Doe had been assigned, and gave them the subject’s description and location. Upon arriving at the location, Officer Doe identified defendant to the rest of the backup unit as the person she had seen with Officer Smith on October 21. Defendant was subsequently arrested.
Prior to trial, defendant was not served with a CPL 710.30 *590 notice pertaining to Officer Doe’s previous identification of him. Nonetheless, at trial, Officer Doe was permitted to identify defendant as the person she had seen during the October 21st "buy and bust” operation, and as the person she had identified 28 days later at the time of his arrest. On the basis of this testimony, as well as the testimony of Officer Smith, defendant was convicted of criminal sale of a controlled substance in the third degree.
On defendant’s appeal, the Appellate Division rejected his arguments that CPL 710.30 had been violated. Relying on People v Gissendanner (48 NY2d 543) and People v Wharton (74 NY2d 921, supra), the court held that "[u]nder the circumstances of this case, [Officer Doe’s] identification testimony did not fall within the intendment of the statute.” (158 AD2d, at 554.) Since the Appellate Division erred in that conclusion, we now reverse.[2]
At the outset, it should be stressed that the actions taken by the undercover officers here are not in issue. Nor could they be, for their conduct was clearly proper, and indeed commendable. The problem here lies not in regard to what the police did, but solely concerns the People’s failure to serve a timely CPL 710.30 notice.
CPL 710.30 requires that, within 15 days of arraignment, the People serve upon the defendant notice of their intention to introduce at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such.” If notice is not given, the People must be precluded from introducing such evidence at trial, unless they are permitted to serve a late notice for "good cause shown” (CPL 710.30 [2]), or the defendant, "despite the lack of such notice, [has] moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in [CPL 710.70]” (CPL 710.30 [3]).
CPL 710.30 constitutes a legislative attempt to déal effectively with the reality that not all police-arranged identifications are free from unconstitutional taint (see, People v Col *591 lins, 60 NY2d 214, 219). By requiring that notice be given, the statute acts to ensure that a defendant is given the opportunity, prior to trial, to test the reliability of the identification testimony that the People plan to offer against him (id.; see, People v White, 73 NY2d 468, 474; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 710.30, at 113-114).
The People, in an attempt to justify their failure to comply with CPL 710.30 in this case, argue that Officer Doe’s November 18th identification of defendant did not constitute a previous identification within the intendment of the statute since, in their view, it was not the result of a "police-arranged” identification procedure, but was essentially the product of a mere chance meeting on the street. We disagree. Officer Doe did not encounter defendant by mere happenstance on November 18. She was specifically pointed to his location by Officer Smith. We can see no reason to distinguish such an identification from other State-prompted identification procedures, such as street showups made at the behest of the police. Both, unlike identifications resulting from spontaneous and unplanned encounters, come about at the deliberate direction of the State; thus, each must be said to implicate the due process concerns underlying CPL 710.30.
Further, the People’s reliance on our decision in Gissendanner (48 NY2d 543, supra) is misplaced. Contrary to their assertions, that case does not stand for the general proposition that an identification made by a police officer during the course of an arrest is always exempt from the notice requirements of CPL 710.30. Gissendanner instead established that CPL 710.30 is not applicable in situations where "the defendant’s identity is not in issue, or * * * the protagonists are known to one another” (48 NY2d, at 552, supraX Officer Doe’s acquaintance with defendant by virtue of her alleged viewing of him on October 21, however, cannot be said to have made defendant "known to” her as contemplated in Gissendanner. As we observed in People v Collins (60 NY2d 214, 219, supra): "[Knowledge], of course, is necessarily a question of degree. When a crime has been committed by a family member, former friend or long-time acquaintance of a witness there is little or no risk [of taint through police suggestion]. * * * But in cases where the prior relationship is fleeting or distant it would be unrealistic to ignore the possibility that police suggestion may improperly influence the witness in making an identification.” Officer Doe’s relationship with the person *592 she viewed on October 21 cannot be said to be other than distant and fleeting, since she observed the person for only a few minutes and from a distance of no closer than 50 feet. Thus, her prior "knowledge” of the suspect does not excuse the People’s failure to give CPL 710.30 notice.
Nor does Officer Doe’s November 18th identification of defendant fall within the category of confirmatory identifications recently described by this Court as being of a kind not "ordinarily burdened or compromised by forbidden suggestiveness” (People v Wharton, 74 NY2d, at 922, supra). In Wharton, we held that a Wade hearing was not required where an undercover officer, five minutes after purchasing drugs in a "buy and bust” operation, drove by the site to view the seller —who was by then being detained by the backup unit — and, three hours later, identified the seller at the precinct. We reasoned that under such circumstances, "[t]he viewing by [the] trained undercover narcotics officer occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure,” and so, unlike a station house showup identification by a civilian witness, "was not of a kind ordinarily burdened or compromised by forbidden suggestiveness” (id., at 922-923, supra). Significantly, however, this Court also cautioned that "[w]here the nature and circumstances of the encounter and identification may warrant, a hearing should * * * be held.” (Id., at 923.)
This case is clearly within this latter category. First, Officer Doe’s identification of defendant cannot be said to have constituted the "completion of an integral police procedure,” since it lacked any continuity with her initial viewing of defendant on October 21. Even more important, however, is the passage of some four weeks between the initial viewing and the later identification. Because of this significant lapse of time, Officer Doe’s identification of defendant cannot be said to have the same assurances of reliability that were found to exist in Wharton (cf., People v Rubio, 133 AD2d 474). Consequently, this case presents precisely the type of special circumstances which call for a CPL 710.60 (4) hearing and therefore implicate the notice requirements of CPL 710.30. Since no such notice was given and no hearing was held, it was error to admit Officer Doe’s identification testimony into evidence.
Finally, contrary to the People’s assertions, the evidence *593 of defendant’s guilt was not so overwhelming as to render this error harmless (see, People v Crimmins, 36 NY2d 230, 241). Once Officer Doe’s testimony is excluded, the People’s case against defendant is left to depend almost entirely on the testimony of Officer Smith. That testimony, however, was based upon an identification which occurred 28 days after Officer Smith encountered the drug suspect. In light of the possible effects this passage of nearly a month’s time may have had on the jury’s assessment of the reliability of Officer Smith’s testimony, it cannot be said with any degree of certainty that had Officer Doe’s testimony, which tended to significantly bolster the testimony of Officer Smith, been excluded, the outcome would not have been different (see, id., at 241-242).
Accordingly, the order of the Appellate Division should be reversed, the motion to suppress identification testimony granted, and a new trial ordered.

. For the protection of the identities of the undercover officers involved we have used fictitious names.

. Contrary to the People’s assertions, the error claimed here is preserved for our review. Defense counsel’s contention, prior to trial, that the District Attorney’s voluntary disclosure form should have disclosed Officer Doe’s November 18th identification of defendant, sufficiently alerted the trial court that defendant was claiming a lack of CPL 710.30 notice.