OPINION OF THE COURT
Caesar Cirigliano, J.
At issue in this case are the notice provisions of CPL 710.30. This section directs, in pertinent part, that "1. Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” (CPL 710.30 [1] [b].) This notice must "be served within [15] days after arraignment and before trial” (CPL 710.30 [2]). "In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial” (CPL 710.30 [3]).
The question presented here is whether the People’s failure to serve CPL 710.30 notice should be excused and the unnoticed identification admitted at trial if this court finds that the identifications made in this case were not arranged by the police.
Defendant, Michael Mora, charged with robbery in the first degree, was identified by two civilian witnesses, Fred Jones *448 and Rachel Robinson, shortly after the robbery was committed. The two witnesses identified the defendant at the same time and under the same circumstances. CPL 710.30 notice was served as to the identification made by Fred Jones, but was not served for Rachel Robinson and the defense objected to the receipt of Robinson’s testimony on that basis. The circumstances surrounding Rachel Robinson’s identification of the defendant came to light at the Wade hearing conducted with the consent of the People upon the defendant’s motion to suppress the identification made by the noticed witness, Fred Jones.
The facts can be briefly stated. At approximately 1 o’clock in the morning, and two minutes after they received a radio run of a robbery in progress in a private house, Officer Jaeger and his partner arrived at the location and saw two Hispanic men walking past the front of this house. One of the men, identified as the defendant, had an object in his hand and appeared to give something to a young woman who then walked into the house in question.
Officer Jaeger questioned the two men briefly, then asked them to wait there a few minutes and told his partner to stay with them. Neither officer had his gun drawn, and the men were not restrained in any manner. They simply waited and made no attempt to flee.
Officer Jaeger walked up to the house identified in the radio run, stepped into the front vestibule and there spoke with Fred Jones and his girlfriend, Rachel Robinson. Fred Jones told Officer Jaeger that he had just been robbed of a video cassette recorder and some keys. Then, without any prompting, as he looked out through the open front door, he pointed to the defendant, who was still waiting on the sidewalk near the front of the house, and said that the defendant was one of the perpetrators of the robbery. He did not identify the other individual as having been involved in the robbery. Rachel Robinson also identified the defendant as she looked through the open door. Officer Jaeger believed that Fred Jones may have seen the defendant again after he was arrested and handcuffed, when Fred Jones walked outside.
When it became apparent at this hearing that Rachel Robinson had identified the defendant, defense counsel informed the court that he had not received notice pursuant to CPL 710.30 of her identification and objected to the receipt of this evidence. Thus, though counsel participated in the hear *449 ing conducted as to the noticed witness in which evidence was adduced as to the unnoticed witness, he did not waive the preclusion protection of CPL 710.30. (People v Bernier, 73 NY2d 1006, 1008.)
The prosecutor did not know why notice was served as to one of these witnesses and not the other and could not offer a reason for this omission. The People cannot therefore be permitted to serve a late notice for "good cause shown” (CPL 710.30 [2]). (See, People v McMullin, 70 NY2d 855; People v O’Doherty, 70 NY2d 479.) Nor are the People otherwise exempt from the service of such notice. (See, e.g., People v Gissendanner, 48 NY2d 543, 552 [CPL 710.30 not applicable in situations where "the defendant’s identity is not in issue, or * * * the protagonists are known to one another”].)
The People argued, however, that they were not required to serve CPL 710.30 notice because the identifications made in this case were not "police-arranged”.
This very argument was made by the People and considered by the Court of Appeals in a recent case for the first time. (See, People v Newball, 76 NY2d 587.) In Newball, the defendant contended that identification testimony given by an undercover officer should not have been received at trial because the People failed to serve CPL 710.30 notice. The People argued, inter alla, that the challenged identification was not the result of a police-arranged identification procedure and thus "did not constitute a previous identification within the intendment of the statute.” (People v Newball, supra, at 591.)
The Newball court found that the identification in question was arranged by the police and held that "[b]ecause that officer’s prior identification of defendant was police-arranged, and was not within the category of confirmatory identifications recently described by this Court as being of a kind not 'ordinarily burdened or compromised by forbidden suggestiveness’ * * * the People’s failure to comply with the notice requirements of CPL 710.30 was improper”. (People v Newball, supra, at 589.)
Thus, the clear implication of this decision is that a non-police-arranged identification is exempt from the notice requirements of CPL 710.30.
Therefore, following Newball (supra), if the identification made in the case at bar was not the result of a police-or-ranged procedure then the People were not under a duty to *450 serve CPL 710.30 notice and their failure to do so does not entitle the defendant to the remedy of preclusion. On the other hand, if the identification was police-arranged, and because the People’s failure to serve CPL 710.30 notice cannot be otherwise excused, the witness’s testimony must be precluded.
In order to make this crucial determination, it is necessary to have a working definition of the term "police-arranged”. While there is no doubt that a lineup or a showup conducted at a precinct is a police-arranged identification procedure, the various forms taken by police-citizen encounters outside the confines of a precinct are not so readily categorized.
The extent of police involvement in a street encounter is often a question of degree. That is the case here, and I am guided in my determination by the Newball decision (supra). In Newball, the undercover police officer, whose identification testimony was challenged for lack of notice, was provided with a description of the defendant and was directed to the defendant’s location by a fellow officer. The Newball court, in rejecting the People’s characterization of this encounter as "a mere chance meeting on the street,” held that this identification was police-arranged, and found that this was not a "spontaneous and unplanned encounter^”, but akin to a "street showupQ made at the behest of the police” that "c[a]me about at the deliberate direction of the State * * * [and which] must be said to implicate the due process concerns underlying CPL 710.30.” (People v Newball, supra, at 591.) Although the determination of whether a given identification is police-arranged is one that must be made on a case-by-case basis, the above-quoted language provides a framework for this determination and will guide my decision here.
Preliminarily I would observe that the question of whether a given identification is police-arranged must be considered separately from the question of whether the resulting identification was compromised by forbidden suggestiveness. Although, as discussed more fully below, I have concluded that the identification made in this case was not tainted by improper police suggestiveness, I find that there was sufficient police involvement and direction to "implicate the due process concerns underlying CPL 710.30.” (People v Newball, supra, at 591.)
At the request of the police, the defendant agreed to wait nearby while the police made inquiries of the complaining witnesses. This was not a completely spontaneous and *451 unplanned encounter or the result of a mere chance meeting on the street. Indeed, but for the intervention of the police, the identifications made of the defendant would not have come to light. Accordingly, I find that the identification made by Rachel Robinson was police-arranged. Since this identification was not otherwise exempt from the notice requirements of CPL 710.30, the People’s failure to serve such notice was improper and her identification testimony will not be received at trial.
The defendant’s remaining contentions are more readily disposed of. The defendant argues that the identification made by Fred Jones was the tainted fruit of an unlawful arrest and must be suppressed. (Wong Sun v United States, 371 US 471, 487-488.) I disagree. The officer’s brief and benign detention of the defendant, who was found at a late hour of the evening in close proximity to a residence where a robbery in progress had been reported moments before, did not violate the defendant’s constitutional rights since the "police diligently pursued a [minimally intrusive] means of investigation * * * likely to confirm or dispel their suspicion quickly”. (People v Hicks, 68 NY2d 234, 241-242.)
Nor was the identification made by Fred Jones prompted or otherwise suggested by the police. He spontaneously initiated the identification, minutes after the robbery was committed. (See, People v Patrick, 130 AD2d 687, 688.) The defendant was standing on the street with a companion. He was not in handcuffs and was not being held at gunpoint. Significantly, the witness did not identify the Hispanic man who was standing with the defendant. Thus, the fact that a uniformed officer was standing nearby was apparently not a factor of any significance in the identification that was made. Once the complaining witness identified the defendant under circumstances that were not at all suggestive, it cannot be said that the possibility that he may have seen the defendant in handcuffs shortly thereafter would so unduly and unnecessarily taint the in-court identification as to render it necessary to determine whether an independent source existed for the identification.
Accordingly, both the out-of-court and in-court identification made by Fred Jones will be admissible at trial. However, the People’s failure to serve notice pursuant to CPL 710.30 with regard to the second identification witness, Rachel Robinson, renders her testimony inadmissible.