■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON LANFRANCO, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 12, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of from four to twelve years unanimously held in abeyance and the matter is remitted for a *Wade* hearing.

The indictment charged defendant with selling heroin to an undercover police officer on August 4, 1988. The "confirmatory" identification of defendant by the undercover officer, to ascertain whether other officers had arrested the correct person, was not made until November 1, 1988, although the

undercover officer also met with defendant for approximately ten minutes on October 20, 1988.

Defendant moved to suppress any identification testimony on the ground that the showup identification by the undercover officer was unnecessarily suggestive. He further alleged that because the identification took place three months after the transaction for which he was arrested, it was not merely confirmatory in nature. The Supreme Court disagreed and summarily denied defendant's motion to suppress identification testimony.

It was error to deny defendant's motion for a *Wade* hearing. There is no categorical rule exempting from requested *Wade* hearings confirmatory identifications by police officers *(People v Wharton,* 74 NY2d 921). The identification of defendant, made almost three months after the sale for which he was arrested, cannot be considered merely confirmatory *(see, People v Hayes,* 162 AD2d 410; *People v Rubio,* 133 AD2d 475). A hearing was therefore required pursuant to CPL 710.60 (4) *(People v Newball,* 76 NY2d 587; *and see, People v Gordon,* 76 NY2d 595). Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.