■ The People of the State of New York, Respondent, v Carl Hunter, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J., at trial; Leslie Crocker Snyder, J., on denial of motion for *Wade* hearing), rendered July 11, 1989, convicting defendant after jury trial of criminal sale of a controlled substance in the first degree, and sentencing him to an indeterminate prison term of from 15 years to life imprisonment, unanimously affirmed.

An undercover police officer, as part of an ongoing narcotics investigation, purchased four ounces of cocaine from defendant on June 16, 1988. So as to avoid compromising the investigation no arrests were made at that time. One week later, on June 23, 1988, the same undercover officer observed defendant emerge from a grocery store located in the vicinity of the prior sale. The officer alerted his backup team which placed defendant under arrest. Minutes later, the officer drove to a pre-arranged location and confirmed his identification of defendant.

The initial viewing of the defendant, as he emerged from the grocery store, was not a "police-arranged" identification procedure, but was a spontaneous identification made by the officer, for which CPL 710.30 notice was not required. *(Cf., People v Newball,* 76 NY2d 587.) A spontaneous identification, either by a police officer or a civilian witness, does not generally suffer from the suggestiveness which necessitates that a *Wade* hearing be held. *(People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020.) Nor was the lapse of one week between the drug sale and the subsequent viewing of the defendant a significant passage of time giving rise to "special circumstances" warranting a *Wade* hearing *(People v Newball, supra,* at 592). The subsequent "confirmatory" identification was exempt from the requirement of a *Wade* hearing pursuant to *People v Wharton* (74 NY2d 921). Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.