■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY RANDALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered April 12, 1989, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that the admission into evidence of uncharged drug sales denied him a fair trial. We disagree. The trial court did not err in allowing the prosecutor to present evidence of uncharged drug crimes to negate the defense of agency *(see, People v Castaneda,* 173 AD2d 349; *People v Garriga,* 159 AD2d 634, 635-636). Further, the trial court's limiting instructions obviated any potential prejudice to the defendant by ensuring that the jury did not employ the challenged evidence for an improper purpose *(see, People v Green,* 170 AD2d 1024).

We further find that the court acted properly in holding hearings on the admissibility of the evidence of uncharged crimes *(see, People v Ventimiglia,* 52 NY2d 350, 352) during the course of the trial. The hearings were held and the rulings were made outside the presence of the jury. Generally, these determinations should be made at the outset of the trial, but the circumstances of the case supported the trial court's decision to make rulings as the trial progressed *(see, People v Ventimiglia, supra,* at 362; *People v Linton,* 166 AD2d 670, 672).

Contrary to the defendant's contention, the trial court prop-

erly denied the defense counsel's belated request for a "missing witness" charge with respect to a confidential informant whom the People chose not to call as a witness at the trial. By waiting until after the close of evidence to alert the court to the "missing witness" issue, the defense counsel failed to act as soon as practicable (see, People v Gonzalez, 68 NY2d 424, 427-428; People v Parilla, 158 AD2d 556, 557; People v Pendleton, 156 AD2d 725, 726).

Further, the defendant contends that he was denied a fair trial by the court's allegedly unbalanced marshaling of the evidence during its supplemental charge on the agency defense. We find this argument unpersuasive. The record shows that the court referred to the evidence to the extent necessary to explain the application of legal principles to the factual issues in this case (see, CPL 300.10 [2]; People v Saunders, 64 NY2d 665; People v Morgan, 175 AD2d 184; People v Harris, 171 AD2d 882; People v Gibbs, 166 AD2d 454, 455).

The sentence imposed upon the defendant was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review (see, CPL 470.05 [2]). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.