■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN CARTER, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Demakos, J.), both rendered November 20, 1990.

Ordered that the appeals are dismissed *(see, People v Seaberg,* 74 NY2d 1). Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CATOE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 9, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

The defendant contends that the statements which he made to the police should have been suppressed because the People failed to establish at the suppression hearing that the statements were made voluntarily. A review of the hearing record reveals that the defendant moved to suppress the statements on the ground that they were the fruit of an unlawful arrest. Accordingly, the defendant's claim is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858).

The defendant further contends that the trial court erred in refusing to give a "missing witness" charge in regard to the detective who escorted him to the police station. Because the defendant waited until both sides had rested at the close of evidence to request his charge, the request was untimely and was thus properly denied *(see, People v Gonzalez,* 68 NY2d 424; *People v Waldron,* 154 AD2d 635).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.