■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SIMMONS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered March 29, 1990, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 11607/88, upon a jury verdict, and sentencing him to an indeterminate term of two to six years imprisonment, and (2) two amended judgments of the same court (Appelman, J.), both rendered April 19, 1990, revoking sentences of probation previously imposed by the same court upon a finding that he had violated conditions thereof, after a hearing, and imposing sentences of (a) an indeterminate term of one to three years imprisonment upon his prior conviction of criminal possession of stolen property in the third degree under Indictment No. 5100/87, the sentence to run consecutively to the sentence imposed under Indictment No. 11607/88, and (b) an indeterminate term of one to three years imprisonment upon his prior conviction of robbery in the first degree under Indictment No. 170/87, the sentence to run consecutively to the sentence imposed under Indictment No. 5100/87.

Ordered that the judgment is affirmed; and it is further,

Ordered that amended judgments are modified, on the law, by deleting therefrom the provisions that the sentences shall run consecutively and substituting therefor provisions that they shall run concurrently with one another but consecutively to the sentence imposed under Indictment No. 11607/88; as so modified, the amended judgments are affirmed.

The defendant's conviction under Indictment No. 11607/88 was based primarily upon the testimony of two officers involved in the so-called "buy-and-bust" operation which led to the defendant's arrest. The trial court properly denied the defendant's request for a missing witness charge based on the

failure of a third officer to testify, since the request, made after the close of all of the evidence, was untimely *(see, People v Catoe,* 181 AD2d 905; *People v Bradley,* 160 AD2d 808). In any event, the defendant failed to establish a basis for the charge requested.

Equally untimely was the defendant's objection to the dismissal of a juror after the court learned that a friend of the defendant's had made contact with the juror during a recess. Notwithstanding the trial court's willingness to consider the defendant's objection on the merits, the objection was made after the juror was dismissed, when there was no way for the court to effectively change its ruling *(see,* CPL 470.05 [2]; *People v Hopkins,* 76 NY2d 872, 873; *People v Consolazio,* 40 NY2d 446, 455, *cert denied* 433 US 914).

We further find that it was not improper for the trial court to prospectively exclude the testimony of the defendant's mother as a defense witness, since her testimony would have been collateral to the issues at trial *(see, People v O'Connor,* 154 AD2d 626, 627; *People v Rosario,* 139 AD2d 680). The trial court did not improvidently exercise its discretion in limiting the defendant's cross-examination of the undercover officer *(see, People v Boyajian,* 148 AD2d 740).

We do agree, however, that the defendant was improperly sentenced under Indictment Nos. 170/87 and 5100/87 following the hearing on his violations of probation. By sentencing the defendant to two consecutive indeterminate terms of one to three years imprisonment, the sentencing court exceeded the four-year sentence limit imposed by the defendant's youthful offender status for the crimes in question *(see,* Penal Law § 60.02 [2]; § 70.00 [2], [3]; *People v David "H",* 70 AD2d 205, 207; *People v Matthew John G.,* 60 AD2d 919, 920). We therefore modify the sentences imposed by providing that the two terms of one to three years imprisonment shall run concurrently with one another, and consecutively to the sentence imposed under Indictment No. 11607/88 *(see, People v Jackson,* 106 AD2d 93, 97).

We find no merit to the defendant's remaining contention. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.