■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WOODFORD, Appellant. [608 NYS2d 854] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 15, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and sentencing him to a determinate term of one year imprisonment for criminal possession of a controlled substance in the seventh degree to run concurrently with consecutive indeterminate terms of 5 to 15 years imprisonment for the two counts of criminal sale of a controlled substance in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, to provide that all terms of imprisonment shall run concurrently; as so modified, the judgment is affirmed.

The defendant contends that the court erred in refusing to give a missing witness charge with respect to the arresting officer. Because the defendant waited until both sides had rested to request his charge, the request was untimely and was thus properly denied (*see, People v Gonzalez*, 68 NY2d 424; *People v Catoe*, 181 AD2d 905; *People v Randall*, 177 AD2d 661; *People v Pendleton*, 156 AD2d 725).

The defendant's sentence was excessive to the extent indicated. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.