■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON SIMS, Appellant. [607 NYS2d 693] —Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered January 3, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Mackston, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

On the evening of April 17, 1990, as part of a so-called "buy and bust" operation, an undercover police officer purchased cocaine from the defendant in an automobile in front of a house to which the defendant had driven the officer. Immediately thereafter, the undercover officer radioed a description of the defendant, the vehicle, and the vehicle's license plate number to his backup team. A few minutes later, pursuant to radio transmissions they had received, two officers, one of

whom testified at the trial, spotted the vehicle and pulled it over. According to the officer who testified at trial, he recognized the defendant, and obtained from him the information on his driver's license. No arrest was made at that time, so as to avoid compromising the undercover officer's identity with respect to the operation.

Four days later, on April 21, 1990, the undercover officer saw the defendant leaving the same house in front of which the purported sale had occurred. The defendant entered a different car, which the undercover officer had observed in the driveway on the night the sale had purportedly occurred. The undercover officer alerted his backup team, whereupon those officers arrested the defendant shortly thereafter, then took him to the station house for processing. A short while later, the undercover officer appeared at the station, and identified the defendant as the perpetrator through a one-way mirror.

Under the circumstances, as presented in the papers both in support of and in opposition to the defendant's application for a *Wade* hearing, we find that the undercover officer's initial viewing of the defendant on April 21, 1990, did not constitute a "police-arranged" identification procedure which necessitated that a *Wade* hearing be held *(see,* CPL 710.30; *People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Hunter,* 173 AD2d 321, 322; *cf., People v Newball,* 76 NY2d 587). Moreover, the four days which elapsed between the undercover officer's initial viewing of the defendant during the purported drug sale and his subsequent viewing of the defendant does not amount to such a significant passage of time as to give rise to "special circumstances" warranting a *Wade* hearing *(see, People v Newball, supra; see also, People v Hunter, supra; cf., People v Lanfranco,* 173 AD2d 178; *People v Baron,* 159 AD2d 710; *People v Rubio,* 118 AD2d 879). Further, the undercover officer's subsequent identification of the defendant at the station house shortly after his viewing of the defendant at the location where the sale had purportedly occurred constituted the type of "confirmatory" identification exempt from the requirement of a *Wade* hearing *(see, People v Wharton,* 74 NY2d 921; *People v Gonzalez,* 174 AD2d 690; *People v Hunter, supra).*

The defendant further contends that the trial court erred in refusing to give a "missing witness" charge with respect to the other officer who had stopped the defendant shortly after the sale had purportedly occurred. We need not decide whether the other police officer was a missing witness, since the defendant waited until the defense counsel had given his

summation to request this charge, and the request was, therefore, untimely *(see, People v Gonzalez,* 68 NY2d 424, 428; *People v Simmons,* 188 AD2d 668; *People v Catoe,* 181 AD2d 905; *People v Randall,* 177 AD2d 661, 662; *People v Bradley,* 160 AD2d 808; *People v Waldron,* 154 AD2d 635; *cf., People v Erts,* 73 NY2d 872, 874; *People v Farrow,* 187 AD2d 667; *People v Brown,* 183 AD2d 569, 570).

The sentence imposed by the court was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.