■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE SIMMONS, Appellant. [614 NYS2d 427] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered July 30, 1992, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to 12-½ to 25 years imprisonment for robbery in the first degree, 12-½ to 25 years imprisonment for robbery in the second degree, to run concurrently with the sentence imposed for robbery in the first degree, and 3-½ to 7 years imprisonment for criminal possession of a weapon in the third degree, to run consecutively to the sentences imposed on the robbery conviction.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment for robbery in the second degree from 12-½ to 25 years to 7-½ to 15 years; as so modified, the judgment is affirmed.

Numerous factors, including the defendant's presence in the exact location specified by an identified informant, coupled

with his grabbing at his waistband as the police officers approached and his subsequent flight, provided an objective, credible reason for the police to pursue the defendant for purposes of inquiry *(see, People v Holmes,* 81 NY2d 1056; *People v Martinez,* 80 NY2d 444; *People v Hollman,* 79 NY2d 181; *Matter of Dalmin M.,* 201 AD2d 343).

The defendant waited until both sides had rested at the close of evidence to request a missing witness charge, with respect to the two youths apprehended in the stolen vehicle. This request was untimely and thus properly denied *(see, People v Gonzalez,* 68 NY2d 424; *People v Sims,* 201 AD2d 516; *People v Simmons,* 188 AD2d 668; *People v Catoe,* 181 AD2d 905).

As the People correctly concede, the indeterminate term of 12-½ to 25 years imposed upon the defendant as a second violent felony offender in connection with his conviction of robbery in the second degree, was illegal since it exceeded the maximum prison term authorized by law *(see,* Penal Law § 70.04 [3] [b]). Under the circumstances, we have reduced the sentence on the above count to the legally permissible maximum indeterminate term of imprisonment of 7-½ to 15 years *(see, People v Satchell,* 194 AD2d 756).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.