■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE CORRELL, Appellant. [615 NYS2d 86] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 20, 1990, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. N13694/89, upon a jury verdict, and imposing sentence, (2) a judgment of the same court (Berkowitz, J.), rendered December 6, 1990, convicting him of robbery in the first degree under Indictment No. 5948/89, upon his plea of guilty, and imposing sentence, and (3) an amended judgment of the same court (Berkowitz, J.), also rendered December 6, 1990, revoking a sentence of probation previously imposed by the same court (Eng, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the fifth degree under S.C.I. No. N10851/89.

Ordered that the judgments are affirmed; and it is further,

Ordered that the amended judgment is modified, on the law, by reducing the amended sentence imposed on the conviction of attempted criminal possession of a controlled substance in the fifth degree from an indeterminate term of 2⅓ to 7 years' imprisonment to an indeterminate term of 1⅓ to 4 years' imprisonment; as so modified, the amended judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in denying his request for a missing witness charge with respect to the arresting officer's partner. In this regard, we note that the defendant waited until both sides had rested at the close of evidence to request the charge, and thus, the request was untimely *(see, People v Catoe,* 181 AD2d 905; *People v Randall,* 177 AD2d 661; *People v Waldron,* 154 AD2d 635).* Moreover, the prosecutor represented that had a timely request been made, the officer could have been produced.

The defendant's contention that the court discharged an ill juror without conducting a reasonable inquiry is unpreserved for appellate review *(see, People v Torres,* 80 NY2d 944).* In any event, we find that inasmuch as the court ascertained that the juror was in fact ill and required medical attention, the discharge of the juror constituted a proper exercise of discretion *(see, People v Allen,* 163 AD2d 396; *People v Lawrence,* 143 AD2d 1045).*

However, as the People concede, the amended sentence imposed upon the defendant for attempted criminal possession of a controlled substance in the fifth degree was illegal in that it was greater than the statutory maximum *(see,* Penal Law § 70.00 [2] [e]; [3] [b]).* We do not remit this matter for resentencing since it is clear that the court intended to sentence the defendant to the maximum possible term with respect to this conviction *(see, People v Persaud,* 166 AD2d 466).* The sentences imposed on the remaining convictions were not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80).*

We have reviewed the defendant's remaining contentions, including those raised in his supplemental brief and supplemental *pro se* brief, and find them to be without merit. Sullivan, J. P., Pizzuto, Joy and Friedmann, JJ., concur.