■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MALONEY, Appellant. [650 NYS2d 342] —White, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 17, 1995, upon a verdict convicting defendant of the crimes of official misconduct (three counts), aggravated harassment in the second degree (four counts), harassment in the second degree (two counts) and harassment in the first degree.

Defendant, an Albany Police officer, had an intimate relationship with Kimberly Lepore which resulted in the birth of a child. Thereafter, as a result of financial problems and a lack of assistance from defendant, Lepore, represented by Stewart Finton, commenced a proceeding in Family Court in October 1992. Ultimately, defendant was declared the father of the child and ordered to pay child support together with counsel fees. As a result of a number of incidents which occurred between February 1993 and March 1994, a 12-count indictment was returned against defendant charging him with unauthorized threatening and annoying behavior toward Lepore, Eleanor Fink (her mother), her friends Theresa Monroe and Gina Cappellano Urbanski, as well as Finton and the wife of Finton's law partner. Defendant was convicted of 10 of 12 counts and sentenced to one-year terms of imprisonment for each of the seven misdemeanor counts (aggravated harassment in the second degree and official misconduct), 90 days for harassment in the first degree, and 15 days each for two counts of harassment in the second degree, with all sentences to run consecutively.

As to the official misconduct charges, the proof shows that on numerous occasions defendant drove his police vehicle up and down the street in front of Lepore's apartment during the night, activated the siren and shined a spotlight into the apartment (count 1). In August 1993, Monroe was driving a car owned by Fink on Central Avenue in the City of Albany with Fink as a passenger in the front seat and Fink's sister in the back seat. Defendant, who was on duty and driving an Albany Police vehicle, observed Fink, made a U-turn, stopped the Fink car and issued tickets to Fink and Monroe for not wearing their seat belts, although Fink testified that they were both properly restrained at the time (counts 8 and 9).

The four convictions for aggravated harassment in the

second degree stemmed from a number of obscene and harassing telephone calls made by defendant. During the spring of 1993, Lepore received telephone calls from defendant in which he made vulgar and insulting statements, while Fink, after accompanying her daughter to court in connection with a paternity proceeding, also received similar calls from defendant. Shortly after garnishment papers were served on defendant, Finton received calls which contained obscenities and vulgar language, one of which was recorded. Although a portion of the call was synthesized, several police officers familiar with defendant's voice recognized the voice of the caller as that of defendant. In addition, the wife of Finton's law partner received several calls of a similar nature in April 1994.

The other harassment charges involved defendant's driving by the Lepore apartment and shining a spotlight into it, activating a siren (count 3) and following Urbanski on many occasions in a police vehicle when she was legitimately operating her car in and about the City of Albany (counts 6 and 7). After examining all of the evidence in a neutral light, and weighing the probative force of the conflicting testimony and the strength of conflicting inferences which could be drawn therefrom, we find that the jury did not fail to give the evidence the weight it should be accorded and thus the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495; People v Rose, 215 AD2d 875, 877, lv denied 86 NY2d 801).

We find no merit to defendant's contention that he was prejudiced by County Court's refusal to give a missing witness charge in connection with the People's failure to call Monroe and Fink's sister as witnesses. As to Monroe, although there was some discussion about her testifying during the trial, the defense made no request for a missing witness charge until after the close of the evidence. As a result of this delay, the untimely request was properly denied (see, People v Gonzalez, 68 NY2d 424, 427-428; People v Kaplan, 199 AD2d 82; People v Rosario, 191 AD2d 243, 244, lv denied 81 NY2d 1019; People v Pendleton, 156 AD2d 725, 726, lv denied 75 NY2d 816; People v Watson, 134 AD2d 729, 730, lv denied 70 NY2d 961).

Fink, during her testimony, refused to disclose her sister's identity, stating that she was receiving medical treatment, and as a result County Court struck Fink's testimony regarding the seat belt incident. However, the sister appeared later at the courthouse and was available to defense counsel. The court ruled that if the People failed to call the sister, defendant would be entitled to a missing witness charge, but the People

would be allowed to advise the jury why they had failed to call this witness. Thereafter, at the charge conference, defendant did not request a missing witness charge and thus we find that defendant was given ample opportunity to seek a missing witness charge but failed to do so (*see, People v Correll,* 207 AD2d 410, 411, *lv denied* 84 NY2d 867; *People v Catoe,* 181 AD2d 905, *lv denied* 79 NY2d 1047).

Defendant also contends that County Court improperly admitted rebuttal testimony by Investigator William Georges, in which he described testing to determine if a spotlight could be shone into Lepore's apartment and also as to the sound made by an older style police siren, to contradict defense testimony that it would be impossible to shine a light into Lepore's apartment, as she had testified, and that the siren used by defendant did not make a noise as described by Lepore. We find that this was proper rebuttal testimony and that a sufficient foundation was laid to enable Georges to testify as to his findings (*see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047). We also find no failure to comply with CPL 240.45 (1) (a) since this section provides for the disclosure of written or recorded statements by persons whom the People intend to call as witnesses and it is clear from Georges' testimony that he made no written notes, memoranda or reports regarding these tests (*see, People v Murray,* 147 AD2d 925, *lv denied* 73 NY2d 1019).

Defendant contends that it was an abuse of discretion to impose consecutive sentences. However, in its sentencing County Court carefully considered defendant's background as a police officer who had abused his position by improper conduct over a lengthy period of time, and we find no abuse of discretion or extraordinary circumstances which would warrant a reduction of the sentence in the interest of justice (*see, People v Morgan,* 214 AD2d 809, 811, *lv denied* 86 NY2d 783; *People v Wright,* 214 AD2d 759, 762, *lv denied* 86 NY2d 805). Defendant further argues that these offenses were committed as part of a single scheme or plan and, as such, the sentences imposed should run concurrently pursuant to Penal Law § 70.25 (2). Since counts 1 and 3, as well as counts 6 and 7, involved the same activities, the judgment should be modified in that the 15-day sentence imposed for count 3 should run concurrently with the one-year sentence for count 1 and the 15-day sentence imposed for count 7 should run concurrently with the 90-day sentence imposed for count 6. However, as to the remaining counts upon which defendant was convicted, we find them to be separate offenses committed through separate

acts at different times and thus County Court had discretion to impose consecutive sentences (*see, People v Brown*, 80 NY2d 361, 364). We also note that Penal Law § 70.30 (2) (b) provides that the maximum term to be served by defendant cannot exceed two years since each sentence is to a definite term in the Albany County Jail.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by directing that the 15-day sentence imposed for count 3 shall run concurrently with the one-year sentence imposed for count 1, and the 15-day sentence imposed for count 7 shall run concurrently with the 90-day sentence imposed for count 6; matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.