■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGDALIA PAGAN, Appellant. [652 NYS2d 964] —Judgment, Supreme Court, Bronx County (Eugene Oliver, J.), rendered March 6, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's contention that the trial court's charge effectively instructed the jury to disregard the absence of buy money and improperly marshalled the evidence in favor of the prosecution is unpreserved for appellate review, and we decline to review it in the interest of justice. If we were to review it, we would find that the court's instruction was proper (*People v Covington*, 191 AD2d 285, 286, *lv denied* 81 NY2d 1071). Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY DOLL, Also Known as LEE DAW, Appellant. [654 NYS2d 6] —Judgment, Supreme Court, New York County (Ira Beal, J., at hearing; Richard Carruthers, J., at jury trial), rendered June 30, 1994, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 6 to 12 years and 1 year, respectively, unanimously affirmed.

We find no merit to defendant's claim that the identification by the undercover officer should have been suppressed. We agree with the hearing court that the officer's identification was confirmatory, notwithstanding that it took place several hours after the sale (*People v Wharton*, 74 NY2d 921). Moreover, the identification took place minutes after the undercover officer spontaneously recognized defendant on the street (*see, People v Hunter*, 173 AD2d 321, *lv denied* 78 NY2d 1012). Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.