■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY J. VAN AMBURG, Appellant. [663 NYS2d 673] —Yesawich

Jr., J. Appeal from a judgment of the County Court of Tioga County (Coccoma, J.), rendered March 6, 1996, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and arson in the third degree.

Defendant was charged with shooting his estranged wife's boyfriend and subsequently burning the victim's trailer in order to conceal this act. After County Court denied defendant's motion to suppress his oral and written statements to the police, defendant entered a knowing and voluntary plea of guilty to murder in the second degree and arson in the third degree and was sentenced to consecutive prison terms of 20 years to life and 2 to 6 years, respectively. Defendant now appeals.

We reject defendant's contention that he was in custody prior to being read his *Miranda* rights. Gary Howard, an investigator with the Tioga County Sheriff's Department, questioned defendant on February 12, 1995 at his residence regarding his whereabouts on the day of the murder. On February 13, 1995, police officers went to defendant's residence to execute a search warrant. At the same time, Howard and another investigator asked defendant to accompany them to the police station for the purpose of providing a written statement incorporating the information he had furnished the previous day, which defendant willingly did. The record reveals that defendant was cooperative during the two hours that it took to complete the first written statement and that the interview was investigatory, not accusatory, in nature. Defendant was not restrained in any manner, was free to move around, smoked cigarettes and was provided with coffee. The investigators who questioned him testified that defendant was free to leave at any time. Before signing the first written statement, he was fully advised of his *Miranda* rights, waived such rights and never asked for an attorney or asserted his right to remain silent.

County Court's conclusion that defendant was not in custody thus finds ample support in the record, for a reasonable person in defendant's position, innocent of any crimes, would not have believed that he or she was in custody (*see, People v Hicks*, 68 NY2d 234, 240; *People v Hofmann*, 238 AD2d 716, 719), despite the fact that a search warrant was being executed at his home when he accompanied the investigators to the police station (*see, e.g., People v McCulloch*, 226 AD2d 848, 850-851, *lv denied* 88 NY2d 1070). Hence, defendant's argument that he was in "continuous custody" during the entire time he was at the police station, and that the statements he gave after being advised of his *Miranda* rights are therefore "tainted" by earlier improper questioning (*see, People v Chapple*, 38 NY2d 112, 115), is unavailing.

Further, the record discloses no basis for disturbing the sentences imposed (*see, People v Maloney,* 233 AD2d 681, 683-684).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.