THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN RAMOS, Appellant. [799 NYS2d 524]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered March 18, 2003, convicting him of criminal possession of a forged instrument in the second degree and criminal impersonation in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in refusing to give a missing witness charge. However, since the defendant waited until both sides rested at the close of the evidence to request the charge, his request was untimely and thus was properly denied (*see People v Wright,* 2 AD3d 546, 547 [2003]; *People v Asphill,* 208 AD2d 550 [1994]; *People v Woodford,* 200 AD2d 644 [1994]; *People v Simmons,* 188 AD2d 668 [1992]; *People v Catoe,* 181 AD2d 905 [1992]; *cf. People v Gonzalez,* 68 NY2d 424, 427 [1986]).

In any event, the defendant failed to meet his burden of establishing that the alleged missing witness, a store manager, was sufficiently involved in the transaction to offer material testimony and that the testimony would not have been cumulative (*see People v Wright, supra; People v O'Hara,* 253 AD2d 560 [1998]; *cf. People v Kitching,* 78 NY2d 532, 536 [1991]; *People v Gonzalez, supra*).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 19-20 [1995]), and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]).

Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.