■ The People of the State of New York, Respondent, v Hernan Guerrero, Appellant. [844 NYS2d 876]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered March 14, 2005, convicting him of sexual abuse in the first degree and aggravated sexual abuse in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's Batson challenge (see Batson v Kentucky, 476 US 79 [1986]), as he failed to make the requisite prima facie showing of discrimination (see People v Brown, 97 NY2d 500, 507 [2002]; People v Childress, 81 NY2d 263, 268 [1993]; People v Fryar, 29 AD3d 919, 920-921 [2006]; People v Redish, 262 AD2d 664, 664-665 [1999]).

The County Court properly denied the defendant's request for a missing witness charge on the ground that the request was untimely (see People v Gonzalez, 68 NY2d 424, 427-428 [1986]; People v Sealy, 35 AD3d 510 [2006]; People v Simon, 6 AD3d 733 [2004]; People v Randall, 177 AD2d 661, 661-662 [1991]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.