■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

RONALD HILL and GARFIELD MCDONALD, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated August 10, 1987, which, after a hearing, granted that branch of the defendants' omnibus motion which was to suppress identification evidence.

Ordered that the order is reversed, on the law, that branch of the defendants' omnibus motion which was to suppress identification evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Contrary to the Supreme Court's conclusion, it has been consistently held that the dangers of misidentification are greatly reduced when the person who views the suspect is a law enforcement officer who is trained to be accurate and objective in his observation (see, People v Morales, 37 NY2d 262; People v Carolina, 112 AD2d 244). The record reveals that the defendants were arrested within five minutes of the transaction based on the undercover police officer's description and that the undercover police officer viewed the defendants at the station house only seven hours after engaging in a drug transaction with them. This viewing was to confirm that the right persons had been arrested. Thus, under the circumstances, no Wade hearing was required, and the court incorrectly suppressed evidence concerning the confirmatory viewings of the defendants (see, People v Francis, 139 AD2d 527; People v Marrero, 110 AD2d 785).

Moreover, we note that even had the court been correct in finding that the viewing was an unduly suggestive identification procedure, it was still incorrect in determining that there was no independent basis for an in-court identification by the undercover officer. The officer testified that the drug transaction in question took from 2 to 3 minutes. Moreover, she was, by necessity, in close proximity to the defendants during the sale. She was a trained observer by virtue of her experience in drug-related arrests and identification procedures and she was able to radio a detailed description of the defendants to her backup unit. Thus, there is ample evidence to support the finding of an independent source (see, People v Rodriquez, 137 AD2d 847; People v Wright, 112 AD2d 179).

Finally, we note that the alternative ground raised by the defendant for affirming the order suppressing the identification evidence, i.e., that the evidence was the product of an unlawful arrest, may not be considered on this appeal by the People (see, CPL 470.15 [1]; People v Goodfriend, 64 NY2d 695; People v Vallone, 140 AD2d 729). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur. [See, 136 Misc 2d 670.]