■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL BARON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 25, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the seventh degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings

up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on that branch of the defendant's omnibus motion which was to suppress certain identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

Under the circumstances, the question of whether the undercover officer's postarrest viewing of the defendant constituted an improper identification procedure or confirmation of a previously established identification should not have been determined without a *Wade* hearing. Notwithstanding the recognized expertise of police officers in identification situations, the facts in this case suggest the reasonable possibility that the undercover officer's in-court identification of the defendant may have been influenced by the showup identification which took place at the time of the defendant's arrest, a week after the officer had last seen him *(see, People v Rubio,* 118 AD2d 879; *People v Wright,* 47 AD2d 894; *cf., People v Wharton,* 74 NY2d 921; *People v Hill,* 147 AD2d 500).

We reach no other issues at this juncture. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.