■ ˙ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY HAYES, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 15, 1987, convicting defendant, after a jury trial, of one count of criminal possession of a controlled substance in the second degree and four counts of criminal sale of a controlled substance in the third degree and sentencing him to concurrent terms of incarceration of 12½ to 25 years on each of the sale counts and 12½ years to life imprisonment on the possession count, held in abeyance, and the matter remanded for a *Wade* hearing.

Defendant contends, and we agree, that Supreme Court erred when it denied his motion for a *Wade* hearing. Supreme Court should have conducted a hearing, which we note was repeatedly requested, in order to resolve the question of whether the postarrest station house viewing of defendant by undercover Officer Nelson Cortes constituted an improper identification procedure or was merely a confirmatory identification. As the Court of Appeals recently stated in *People v Wharton* (74 NY2d 921, 923 [1989]), there is "no categorical rule exempting from requested *Wade* hearings confirmatory identifications by police officers by merely labeling them as such".

This court is well aware that, as a general matter, police officers are considered to have a recognized expertise in identi-

fication matters. *(People v Morales,* 37 NY2d 262, 271-272 [1975]; *People v Wharton,* 74 NY2d, *supra,* at 923; *People v Baron,* 159 AD2d 710, 711 [2d Dept 1990].) However, the facts in the case at bar cannot be said to rule out a reasonable possibility that Cortes' in-court identification of defendant may have been influenced by the showup identification which was conducted after defendant's arrest, some six days after the officer had allegedly last seen him. *(See, e.g., People v Baron, supra* [one week]; *People v Rubio,* 118 AD2d 879, 880-881 [2d Dept 1986], *revd after remand* 133 AD2d 475 [2d Dept 1987] [27 days]; *compare, People v Perez,* 74 NY2d 637, 638 [1989] [police identification of defendant from mug shot, based upon observation at time of crime, held not to be a proper confirmatory identification].) Of particular concern to us is the discrepancy between the description Cortes gave of the suspect and the defendant's actual appearance. *(See, People v Williams,* 79 AD2d 929 [1st Dept 1981], *appeal dismissed* 53 NY2d 866.)* Cortes, in his report, described the suspect, "J.D. Door" as 5 feet, 8 inches in height and 155 pounds in weight; in stark contrast, defendant is 6 feet tall, as is Cortes, and weighs some 180 pounds. Thus, a *Wade* hearing is required so that it can be determined whether Cortes' station house identification was suggestive. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.