■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BRADLEY, Appellant.—Judgment, Supreme Court, New York County (George Roberts, J., on Wade motion; Edward McLaughlin, J., at trial and sentence), rendered March 23, 1988, convicting defendant, upon a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 5 to 10 years, unanimously affirmed.

The court's denial, without a hearing, of defendant's motion to suppress a postarrest station house identification was proper. The precinct house viewing of defendant by a trained undercover narcotics officer who conducted the "buy" one hour earlier constitutes a confirmatory identification, not warranting a *Wade* hearing. *(See, e.g., People v Wharton,* 74 NY2d 921 [1989]; *People v Morales,* 37 NY2d 262 [1975]; *People v Hill,* 147 AD2d 500, 501 [2d Dept 1989].)

Next, the trial court's instructions concerning inferences which could be drawn from the arresting officer's failure to recover the prerecorded "buy" money did not dilute the People's burden of proof. That instruction was part of the general introductory portion of the charge and the court later instructed the jury on the burden of proof. Viewed as a whole the instruction was proper. *(People v Goodfriend,* 64 NY2d 695 [1984]; *People v Ford,* 66 NY2d 428, 442 [1985].)

We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ellerin and Smith, JJ.