■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BANKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered August 22, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was arrested after he sold two vials of crack cocaine to an undercover police officer. The undercover officer then radioed a description of the defendant to a backup team, which apprehended the defendant within five minutes. Approximately 3½ hours later, the undercover officer identified the defendant at the police precinct. The defendant argues that both the precinct identification and in-court identifications should have been suppressed as a result of the suggestive showup procedure employed by the police. We disagree. The undercover officer's viewing of the defendant was for the purpose of assuring that the right man had been arrested and did not constitute an impermissible identification procedure *(see, People v Morales,* 37 NY2d 262; *People v Hill,* 147 AD2d 500). In addition, the possibility of misidentification was lessened since the undercover officer who made the identification was trained to be both accurate and objective in his observations *(see, People v Wharton,* 74 NY2d 921; *People v Hill, supra).*

The defendant argues that he was denied a fair trial when the prosecutor postulated in his summation that the defendant may have made change during other drug sales. This argument was to explain the failure to locate on the defendant the prerecorded money used by the undercover officer to purchase the crack cocaine from the defendant when he was arrested. We find that most of the comments to which the defendant now objects are unpreserved for appellate review due to his failure to object to the remarks at the trial, or his acceptance of the curative instructions given by the trial court *(see,* CPL 470.05 [2]; *People v Williams,* 46 NY2d 1070). To the

extent that the alleged errors are preserved for appellate review, they either did not constitute error, or were harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230). Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.