■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN MARROW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.),

rendered February 23, 1990, convicting him of a criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant passed narcotics to his codefendant who then sold them to undercover police officers. During the transaction the defendant stood 10 feet away from the officers and immediately after the transaction the codefendant gave the purchase money to him. The defendant and the codefendant were arrested within minutes of the transaction by backup police officers. Within 15 to 30 minutes after the arrest, the undercover officers viewed them at the precinct and confirmed that the correct individuals had been arrested.

The defendant's contention that the viewing was an unduly suggestive identification procedure is without merit. A merely confirmatory viewing at a "time sufficiently connected and contemporaneous to the arrest itself * * * constitute[s] the ordinary and proper completion of an integral police procedure" and is not an impermissible identification procedure *(People v Wharton,* 74 NY2d 921, 922-923; *see also, People v Morales,* 37 NY2d 262; *People v Banks,* 167 AD2d 550).

Additionally, the trial court properly allowed testimony as to money found on the defendant after his arrest, since the defendant was charged with criminal possession of a controlled substance with the intent to sell. This evidence is relevant on the issue of intent and is admissible *(see, People v Martin,* 163 AD2d 491).

We also find that the trial court properly refused to charge criminal facilitation since it is not a lesser included offense of criminal sale of a controlled substance *(see, People v Luther,* 61 NY2d 724; *People v Glover,* 57 NY2d 61). Additionally, we find that the trial court's failure to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of one of the two counts of criminal possession of a controlled substance in the third degree was not error. No reasonable view of the evidence would support a finding that the defendant possessed the narcotics, which he handed to his codefendant and which were then immediately sold to the undercover officers, without the intent to sell them *(see,* CPL 300.50 [1]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.