[35 NE3d 845, 14 NYS3d 775]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN PACQUETTE, Appellant.

Argued June 4, 2015; decided June 30, 2015

**POINTS OF COUNSEL**

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Carl S. Kaplan* of counsel), for appellant. The prosecution's failure in this buy-and-bust case to provide CPL 710.30 notice of the pretrial police-arranged identification of appellant by a "foot apprehension officer," i.e., a field team officer other than the undercover purchasing officer, requires the preclusion of his identification testimony because the *Wharton* confirmatory identification exception to the notice requirement does not apply where, as here, the officer initially viewed the perpetrator fleetingly and at a distance across the street, at night, and lost sight of him for 10 to 15 minutes before the subsequent

showup identification. (*People v Boyer*, 6 NY3d 427; *People v Newball*, 76 NY2d 587; *People v Bernier*, 73 NY2d 1006; *People v Vasquez*, 20 NY3d 461; *People v O'Doherty*, 70 NY2d 479; *Gilbert v California*, 388 US 263; *United States v Wade*, 388 US 218; *Stovall v Denno*, 388 US 293; *People v Gissendanner*, 48 NY2d 543; *People v Rodriguez*, 79 NY2d 445.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Brian R. Pouliot* and *Martin J. Foncello* of counsel), for respondent. Detective Vanacore's confirmatory identification of defendant was properly admitted at trial. (*United States v Wade*, 388 US 218; *People v Wharton*, 74 NY2d 921; *People v Roberts*, 79 NY2d 964; *People v Gordon*, 76 NY2d 595; *People v Newball*, 76 NY2d 587; *People v Mato*, 83 NY2d 406; *People v Carter*, 66 AD3d 529; *People v Polanco*, 179 AD2d 531; *People v Hatcher*, 209 AD2d 639; *People v Allen*, 162 AD2d 538.)

### OPINION OF THE COURT

PIGOTT, J.

This appeal requires us to decide whether the People may be excused from their statutory requirement to notify a defendant, within 15 days of his arraignment, of their intention to offer at trial the testimony of a police officer who had previously identified him during a pretrial procedure (*see* CPL 710.30). We hold that the People were required to abide by the statutory notice requirement and therefore the court erred in allowing the officer to testify at trial relative to his identification of defendant. However, we find such error harmless.

### I.

On May 17, 2007, at 12:45 a.m., police officers from the Manhattan South Narcotics Division were conducting a coordinated drug enforcement effort in the vicinity of Washington Square Park. Pursuant to this assignment, an undercover officer equipped with $200 in prerecorded buy money purchased crack cocaine from a man present at the corner of West 4th Street and Sixth Avenue. An additional officer, Detective Vanacore, who was surveying the transaction from his vantage point across the street (approximately 40 feet away), communicated his observations to a backup unit.

Upon completion of the sale, Detective Vanacore communicated with the backup unit, indicating that the drug transaction was complete and identifying the seller as a "male black who was tall, wore a light-colored hooded sweatshirt and

a dark baseball hat." Within minutes, the backup unit approached the site of the transaction and the subject fled. Detective Vanacore left the scene in order to assist in the apprehension of an additional suspect. Defendant was subsequently arrested by the backup unit. Upon return to his original post, Detective Vanacore observed defendant in the custody of the backup unit and communicated to the arresting officer that defendant was the person he had observed with the undercover officer. Upon searching defendant, officers recovered $20 in prerecorded buy money.

Prior to trial, defendant was served with a CPL 710.30 notice pertaining to the undercover officer's pretrial identification. Defendant moved to suppress that identification testimony on the ground that showup identifications are inherently suggestive. Following a pretrial hearing, the motion court denied defendant's motion, holding that the undercover officer's out-of-court identification was confirmatory and therefore admissible.

At trial, during the People's opening statement, the prosecutor informed the jury that it would hear testimony from not only the undercover officer, but also Detective Vanacore, who, along with the undercover officer, viewed defendant shortly after the transaction and confirmed that the backup unit arrested the correct person. Defendant moved to preclude Detective Vanacore's prospective testimony, arguing that the People had not provided him with notice concerning Detective Vanacore's identification testimony. Following a mid-trial hearing, the court determined that Detective Vanacore's identification was confirmatory in nature and therefore admissible without the need for notice. Defendant was convicted of criminal sale of a controlled substance in the third degree.

On appeal, the Appellate Division affirmed the conviction, holding that Detective Vanacore's identification of defendant "was confirmatory and thus did not require CPL 710.30 (1) (b) notice" (112 AD3d 405, 405 [1st Dept 2013]). A Judge of this Court granted defendant leave to appeal (23 NY3d 1023 [2014]). We now affirm, albeit on a different ground.

## II.

"CPL 710.30 could not be clearer" (*People v Boyer*, 6 NY3d 427, 431 [2006]). When the People intend to offer at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some

other occasion relevant to the case, to be given by a witness who has previously identified him as such," the statute requires the People to notify the defense of such intention within 15 days after arraignment and before trial (CPL 710.30 [1] [b]). Not only is "[t]he statutory mandate . . . plain" but the procedure is "simple" (*Boyer*, 6 NY3d at 431). The People serve their notice upon defendant, the defendant has an opportunity to move to suppress and the court may hold a *Wade* hearing (*see id.*). If the People fail to provide notice, the prosecution may be precluded from introducing such evidence at trial.

The notice statute was "a legislative response to the problem of suggestive and misleading pretrial identification procedures" (*People v Gissendanner*, 48 NY2d 543, 552 [1979]). In enacting the notice requirement, the legislature "attempt[ed] to deal effectively with the reality that not all police-arranged identifications are free from unconstitutional taint" (*People v Newball*, 76 NY2d 587, 590 [1990]).

The purpose of the notice requirement is twofold: it provides the defense with "an opportunity, prior to trial, to investigate the circumstances of the [evidence procured by the state] and prepare the defense accordingly" and "permits an orderly hearing and determination of the issue of the fact . . . thereby preventing the interruption of trial to challenge initially the admission into evidence of the [identification]" (*People v Briggs*, 38 NY2d 319, 323 [1975]). Thus, the statute contemplates "*pretrial* resolution of the admissibility of identification testimony where it is alleged that an improper procedure occurred" (*People v Rodriguez*, 79 NY2d 445, 452 [1992]). "If no notice is given before trial, the purposes of the statute may be defeated" (*Briggs*, 38 NY2d at 323).

The People, relying on our decision in *People v Wharton* (74 NY2d 921 [1989]), argue that the trial court properly determined that Detective Vanacore's identification of defendant was merely confirmatory, thereby obviating the need for CPL 710.30 notice. We disagree. In *Wharton*, defendant was provided with notice and made a pretrial suppression motion on the identification. His challenge on the appeal to this Court was whether he was entitled to a *Wade* hearing. We held that the defendant was not entitled to the hearing because the "officer's observation of [the] defendant . . . was not of a kind ordinarily burdened or compromised by forbidden suggestiveness" (*id.* at 922). There, the "identification was made by a trained undercover officer who observed [the] defendant during

the face-to-face drug transaction knowing [the] defendant would shortly be arrested" (*id.*).

■ In this case, unlike *Wharton*, Detective Vanacore's surveillance of defendant does not constitute an "observation of . . . defendant . . . so clear that the identification could not be mistaken" thereby obviating the risk of undue suggestiveness (*Boyer*, 6 NY3d at 432). Therefore, the People were required to serve their notice concerning Detective Vanacore's observations. "To conclude otherwise directly contravenes the simple procedure that has been mandated by the Legislature and would permit the People to avoid their statutory obligation" (*id.* at 433). Indeed, the People indicated that they typically do provide notice in these circumstances and inadvertently failed to do so in this case.

## III.

■ Although the People's failure to provide a CPL 710.30 notice with regard to Detective Vanacore may not be excused, we nonetheless hold that the error was harmless. Even in the absence of Detective Vanacore's identification testimony, the evidence at trial overwhelmingly established that defendant was the seller. The primary undercover officer, an experienced narcotics detective who engaged in a face-to-face transaction with defendant, unequivocally identified defendant as the seller.

Moreover, defendant was arrested just minutes after the transaction, and the prerecorded buy money that had been used to purchase the drugs was found on defendant's person (*see People v Rodriguez*, 100 NY2d 30, 32-33 [2003]). Finally, defendant's flight from police officers evinced a consciousness of guilt (*see People v Chico*, 90 NY2d 585, 591 [1997]). Under these circumstances, we conclude that Detective Vanacore's testimony was merely cumulative and that its admission could not have contributed to defendant's conviction.

Accordingly, the Appellate Division order should be affirmed.

Chief Judge Lippman and Judges Read, Rivera, Abdus-Salaam, Stein and Fahey concur.

Order affirmed.