# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1394**
**KA 11-00289**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ERIC PORTER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered January 31, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice, that part of the omnibus motion seeking to suppress defendant's statements is granted, and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant contends that he was unlawfully detained by the police during a traffic stop of the vehicle in which he was a passenger, and that Supreme Court erred in refusing to suppress his statements to the police as the fruit of that unlawful detention. We agree.

The vehicle in which defendant was a passenger was stopped by the police for having a suspended registration. After the driver of the vehicle was arrested, but before the police could conduct an inventory search of the vehicle in preparation for impounding the vehicle, defendant asked whether he could leave the scene. The police told defendant that he must remain present with them until the inventory search was complete. After the police began the inventory search, defendant twice stated that there was a rifle in the vehicle. One of the officers discovered the rifle wrapped tightly in a pink blanket on the floor of the front passenger seat, and he later testified at the suppression hearing that he had noticed the blanket "directly against

[defendant's] leg" when he first approached the vehicle.  At trial, the only evidence presented by the People linking defendant to the rifle consisted of defendant's two statements to the police that there was a rifle in the vehicle.

Although we conclude that the initial traffic stop was valid based on the vehicle's suspended registration, we agree with defendant that the justification for that stop ended once the driver had been arrested for that offense (*see People v Banks*, 85 NY2d 558, 562, *cert denied* 516 US 868; *cf*. *People v Rainey*, 49 AD3d 1337, 1339, *lv denied* 10 NY3d 963).  Contrary to the People's contention, prolonging the detention of defendant was not justified by concern for officer safety.  At the suppression hearing, the officers failed to identify any specific basis for a belief that defendant posed a danger.  Rather, they testified that defendant was cooperative during the initial traffic stop, and the officers did not testify that they believed that defendant, in departing, would have threatened their safety (*see generally People v Torres*, 74 NY2d 224, 230-231).  Indeed, the People did not present any evidence of "articulable facts" from the encounter to establish reasonable suspicion that defendant posed any danger to the officers (*People v Harrison*, 57 NY2d 470, 476; *see generally People v May*, 52 AD3d 147, 151).  We therefore agree with defendant that the court erred in denying that part of his omnibus motion seeking to suppress his statements.

We further conclude that the court's error is not harmless inasmuch as there is a "reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237; *see People v Huntsman*, 96 AD3d 1390, 1392; *see generally People v Douglas*, 4 NY3d 777, 779).  Indeed, as noted above, defendant's statements to the police were the only evidence at trial establishing the element of knowledge for the possessory crimes against him (*see People v Brown*, 21 NY3d 739, 751).  We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress his statements, and grant a new trial on counts one and two of the indictment.

We further agree with defendant that various instances of prosecutorial misconduct deprived him of his right to a fair trial and that reversal is required on that ground as well.  Although defendant failed to preserve his challenges for our review, we exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Scheidelman*, 125 AD3d 1426, 1427).  During cross-examination, the prosecutor questioned the driver of the vehicle regarding an out-of-court conversation between them, asking her whether she came to his office and admitted that the defendant "[tried] to get [her] to come and take the blame for the gun."  After the witness denied for the second time that such a conversation had taken place, the prosecutor rhetorically asked, "[b]ut you were the one who was convicted of Scheme to Defraud, correct?"  By challenging the witness with respect to the out-of-court conversation, the prosecutor both improperly interjected his personal opinion as to the truthfulness of the testimony and suggested to the jury that his own, unsworn version of events should be credited (*see*

*People v Bailey*, 58 NY2d 272, 277; *People v Ramashwar*, 299 AD2d 496, 497).

In addition, instances of prosecutorial misconduct on summation deprived defendant of his right to a fair trial.  The prosecutor improperly denigrated defendant's case by referring to certain contentions as "[a]ll this nonsense,"  made repeated non sequiturs distinguishing the case from the John F. Kennedy assassination, and asserted that the defense was "twisting things" and employing "tricks" (*see People v Morgan*, 111 AD3d 1254, 1255).  The prosecutor compounded those statements by consistently commenting on witness credibility, calling the defense witnesses "a cast of characters," "people com[ing] out of the woodwork," and specifically referring to one witness as "a piece of work."  The prosecutor accused the defense witnesses of lying, and also argued that one could not believe a certain witness who had a lawyer advising her while testifying, stating that he "couldn't tell if those were her words or her lawyer's words when she was talking."  Not only did the prosecutor state his belief that witnesses had lied, he also alleged that the witnesses must have met secretly in order to plan and collude regarding their testimony.  That was patently improper (*see Bailey*, 58 NY2d at 277).

In addition to criticizing defendant's case and witnesses, the prosecutor also engaged in misconduct on summation by suggesting that an acquittal would require the jury to find a conspiracy by law enforcement (*see People v Morgan*, 75 AD3d 1050, 1053-1054, *lv denied* 15 NY3d 894), by improperly suggesting that defendant bore a burden of proof (*see People v Griffin*, 125 AD3d 1509, 1510), and by misstating a key point of law regarding detention incident to a traffic stop (*see generally People v Riback*, 13 NY3d 416, 423).  In light of the nature and number of instances of prosecutorial misconduct, we conclude that defendant was deprived of his right to a fair trial.

In view of our determination, we do not address defendant's remaining contention that he was denied effective assistance of counsel.

Entered:  February 5, 2016                          Frances E. Cafarell
                                                    Clerk of the Court