SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**114**
**KA 14-01509**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                MEMORANDUM AND ORDER

ERIC CLAY, DEFENDANT-APPELLANT.
_____

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.
_____

    Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 18, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

    It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking preclusion of the identification evidence is granted, and a new trial is granted on count two of the indictment.

    Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from his possession of a gun located in the left rear seat of a vehicle where he was allegedly seated. Contrary to defendant's contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable based upon defense alibi testimony, we note that the jury was entitled to credit the testimony of the police witness that defendant was the person seated in the vehicle over that of the defense witnesses who testified that defendant was either on the sidewalk or inside a nearby house at the time (*see generally Bleakley*, 69 NY2d at 495).

    We reject defendant's further contention that Supreme Court erred in refusing to suppress the gun. The evidence at the suppression hearing established that the police were patrolling a high crime area with a high incidence of gun violence and, while driving at a low rate of speed, passed a parked vehicle with four occupants. There were several people standing on the sidewalk by the vehicle and one person was standing in the street by the vehicle. One officer testified that

the passenger in the left rear seat of the vehicle made eye contact with him and then leaned forward as though placing something under the seat.  The officer and his partner then approached the vehicle, and the officer observed the other rear seat passenger with a bottle of liquor and a cup of liquid.  The officer directed the four occupants to place their hands where they could be seen and, when the driver exited the vehicle in order to retrieve his driver's license, the front seat passenger exited the vehicle and ran.  While the officer chased that person and the other officer was engaged with the other rear seat passenger, defendant exited the vehicle and ran.  A knife, determined to be a gravity knife, was observed on the seat where the other rear seat passenger was seated and, upon his arrest, the vehicle was searched and two guns were located, one under the front passenger seat and the other under the left rear seat.

The officer testified that, because of the high crime rate in the area and defendant's movements after defendant made eye contact with him, he directed the occupants to place their hands where they could be seen, for officer safety.  Although defendant correctly contends that the officer's actions constituted a restraint over the occupants, as opposed to the vehicle, requiring reasonable suspicion that they posed some danger to the officers (*see People v Harrison*, 57 NY2d 470, 476), we conclude that the officer had reasonable suspicion to believe that the group may have posed a risk to officer safety (*see People v Mack*, 49 AD3d 1291, 1292, *lv denied* 10 NY3d 866; *cf. People v May*, 81 NY2d 725, 727-728; *People v Porter*, 136 AD3d 1344, 1345).  Indeed, although defendant may have had an innocuous reason for leaning forward after making eye contact with the officer, we conclude that, under these circumstances, "the officer had a reasonable basis for fearing for [the officers'] safety and was not required to await the glint of steel" (*People v Bracy*, 91 AD3d 1296, 1298, *lv denied* 20 NY3d 1060 [internal quotation marks omitted]).  Thus, we conclude that the court properly implicitly determined that the police action in requiring defendant to place his hands on the headrest in front of him was "a 'constitutionally justified intrusion designed to protect the safety of the officer[s]' " (*id.*).

We agree with defendant, however, that the court erred in permitting the officer to identify defendant as the person in the left rear seat of the vehicle in the absence of a notice pursuant to CPL 710.30 (1) (b).  We therefore reverse the judgment and grant that part of the omnibus motion seeking preclusion of that testimony on the ground that the People failed to serve a notice pursuant to CPL 710.30 (1) (b).  The prosecutor advised the court and defense counsel after jury selection that the officer would identify defendant as the left rear passenger.  Defendant objected and the court conducted a hearing, over defendant's objection, and determined that the officer's identification of defendant by means of a single photo approximately two hours after the incident was merely confirmatory and thus that no notice was required pursuant to CPL 710.30 (1) (b).

The exception to the requirement to provide notice pursuant to CPL 710.30 "carries significant consequences" (*People v Boyer*, 6 NY3d 427, 431), and the Court of Appeals has "consistently held that police

identifications do not enjoy any exemption from the statutory notice and hearing requirements" (*id.* at 433). Unlike the buy-and-bust scenario, where the police participant is focused on the face-to-face contact with defendant with the goal of identifying him or her when he or she is picked up by a back up unit (*see People v Wharton*, 74 NY2d 921, 922-923), here, the officer was standing by the vehicle for approximately three minutes while he was engaged with all of the occupants of the vehicle. Thus, "we cannot conclude that the circumstances of [the officer's] initial viewing were such that, as a matter of law, the subsequent identification could not have been the product of undue suggestiveness" (*Boyer*, 6 NY3d at 433; *see People v Pacquette*, 25 NY3d 575, 580). Indeed, "the statute contemplates '*pretrial* resolution of the admissibility of identification testimony' " (*Pacquette*, 25 NY3d at 579), and "[t]o conclude otherwise directly contravenes the simple procedure that has been mandated by the Legislature and would permit the People to avoid their statutory obligation merely because a police officer's initial viewing of a suspect and a subsequent identification might be temporally related" (*Boyer*, 6 NY3d at 433).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court