People v Davis (2018 NY Slip Op 02051)





People v Davis


2018 NY Slip Op 02051


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


181 KA 15-00946

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMY M. DAVIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 30, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). For reasons stated in the codefendant's appeal (see People v Clay, 147 AD3d 1499, 1499-1500 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]), we conclude that Supreme Court, following a separate suppression hearing that established the same material facts as those established during the hearing in connection with the codefendant, properly refused to suppress tangible evidence seized by the police after an incident in which an officer and his partner approached a parked vehicle that was occupied by defendant, the codefendant, and two other people.
We agree with defendant, however, that the court erred in summarily denying his motion to preclude the identification testimony of the officer and his partner in the absence of notice pursuant to CPL 710.30 (1) (b). "When the People intend to offer at trial testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such,' the [People are] require[d] . . . to notify the defense of such intention within 15 days after arraignment and before trial" (People v Pacquette, 25 NY3d 575, 578-579 [2015], quoting CPL 710.30 [1] [b]). As is evident from the language of CPL 710.30, "the statute contemplates . . . two distinct pretrial viewings' of a defendant by an eyewitness. First is the witness's actual observation of a defendant either at the time or place of commission of the crime or some other occasion relevant to the case. This is the observation, relevant to and probative of a defendant's guilt or innocence, which forms the basis for the witness's prospective trial testimony. Second, there is a separate, [prosecution- or] police-initiated, identification procedure, such as a lineup, showup or photographic array, which takes place subsequent to the observation forming the basis for the witness's trial testimony and prior to the trial . . . [T]his is the occasion where the witness points at a defendant and says, That's the one' " (People v Peterson, 194 AD2d 124, 128 [3d Dept 1993], lv denied 83 NY2d 856 [1994]).
The procedure contemplated by the statute is simple: "[t]he People serve their notice upon defendant, the defendant has an opportunity to move to suppress and the court may hold a Wade hearing . . . If the People fail to provide notice, the prosecution may be precluded from introducing such evidence at trial" (Pacquette, 25 NY3d at 579; see People v Boyer, 6 NY3d 427, 431 [2006]). "The purpose of the notice requirement is twofold: it provides the defense [*2]with an opportunity, prior to trial, to investigate the circumstances of the [evidence procured by the state] and prepare the defense accordingly' and permits an orderly hearing and determination of the issue of the fact . . . thereby preventing the interruption of trial to challenge initially the admission into evidence of the [identification]' " (Pacquette, 25 NY3d at 579, quoting People v Briggs, 38 NY2d 319, 323 [1975]). "Thus, the statute contemplates pretrial resolution of the admissibility of identification testimony where it is alleged that an improper procedure occurred' " (id., quoting People v Rodriguez, 79 NY2d 445, 452 [1992]).
Here, the People provided a blank CPL 710.30 notice to defendant and, in response to that part of his omnibus motion seeking preclusion, asserted that "[t]here were no identification procedures which would require a CPL 710.30 notice." The record before us establishes, however, that the officer and his partner may have engaged in showup identification procedures undertaken "at the deliberate direction of the State" that required notice pursuant to CPL 710.30 (People v Newball, 76 NY2d 587, 591 [1990]; see Pacquette, 25 NY3d at 577-580; People v Hayes, 162 AD2d 410, 410 [1st Dept 1990], lv denied 78 NY2d 1011 [1991]; cf. People v Gissendanner, 48 NY2d 543, 552 [1979]; Peterson, 194 AD2d at 128-129). The evidence at the suppression hearing established that defendant fled from the front passenger seat of the parked vehicle and was unsuccessfully pursued by the officer, and that the officer knew defendant was apprehended because the officer saw defendant after he was later taken into custody by a third officer. The record further indicates, and the People do not dispute, that, after defendant was arrested and brought to the police station by the third officer at the officer's direction, the officer identified defendant as the front seat passenger who fled from the parked vehicle. Additionally, contrary to the People's contention, in the absence of a hearing on the identification issue, the record is insufficient to support the conclusion that the partner did not perform an identification procedure. Indeed, the record supports the inference that the partner accompanied the officer back to the police station, had some subsequent interaction with defendant at that location, and also could have performed a procedure identifying defendant as the individual he observed earlier during the incident.
Although the People contend that any police station identifications were merely confirmatory, and it appears from the record that the officer and his partner may have been familiar with defendant prior to the subject incident, we are precluded from affirming on that ground inasmuch as the court did not rule on that issue (see CPL 470.15 [1]; People v Ingram, 18 NY3d 948, 949 [2012]; People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]; People v Gambale, 150 AD3d 1667, 1670 [4th Dept 2017]).
Based upon the foregoing, we conclude that the issue whether the officer and his partner engaged in identification procedures at the police station and, if so, whether any such identifications were merely confirmatory, must be resolved after a hearing, which we note was repeatedly requested by defense counsel during argument on the motion to preclude (see People v Castagna, 196 AD2d 879, 880 [2d Dept 1993]; Hayes, 162 AD2d at 410; People v Baron, 159 AD2d 710, 711 [2d Dept 1990]). We thus hold the case, reserve decision, and remit the matter to Supreme Court for a hearing to determine whether the officer and his partner engaged in identification procedures at the police station within the purview of CPL 710.30 and, if so, whether such identifications were merely confirmatory.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court