People v Little (2021 NY Slip Op 05310)





People v Little


2021 NY Slip Op 05310


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Ind No. 5017/14 Appeal No. 14280 Case No. 2017-2252 

[*1]The People of the State of New York, Respondent,
v
Keith Little, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ronald Zapata of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ.



14280
THE PEOPLE OF THE STATE OF NEW YORK,
Respondent,
-against-
KEITH LITTLE,
Defendant-Appellant.
Ind. No. 5017/14


Case No. 2017-2252






Janet E. Sabel, The Legal Aid Society, New York (Ronald Zapata of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.
Appeal from judgment, Supreme Court, New York County (Gregory Carro, J.),
rendered October 26, 2016, convicting defendant, upon his plea of guilty, of attempted
burglary in the second degree, and sentencing him, as a second felony offender, to a
term of three years, held in abeyance, and the matter remanded to Supreme
Court for further proceedings in accordance with this decision. The People failed to meet their burden of offering sufficient information, in
nonconclusory fashion, in opposition to defendant's omnibus motion to enable the
suppression court to independently determine whether a detective's identification was,
in fact, confirmatory, as the People represented (see generally People v Pacquette, 25
NY3d 575, 579-580 [2015]; People v Boyer, 6 NY3d 427, 431-433 [2006]; People v
Wharton, 74 NY2d 921 [1989]). Accordingly, defendant was entitled to a Wade hearing,
and that branch of his omnibus motion should not have been summarily denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021
2