People v Johnson (2021 NY Slip Op 06373)





People v Johnson


2021 NY Slip Op 06373


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-08777
 (Ind. No. 186/16)

[*1]The People of the State of New York, respondent,
v
Devon H. Johnson, appellant.


Judah Maltz, Kew Gardens, NY, for appellant, and appellant pro se.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Jason R. Richards and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered August 1, 2017, convicting him of burglary in the first degree (three counts), robbery in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Hayes, 180 AD3d 1068, 1068-1069). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel (see People v Stultz, 2 NY3d 277, 287; People v Flores, 84 NY2d 184, 187).
The defendant contends that the Supreme Court should have granted his motion to preclude the complaining witness from identifying the defendant in court because the People did not provide timely notice of the witness's prior identification of the defendant as required by CPL 710.30. The defendant is correct that, "within 15 days of arraignment, the prosecution must serve upon the defendant notice of its intention to introduce at trial 'testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such'" (People v Boyer, 6 NY3d 427, 431, quoting CPL 710.30[1][b]). Upon the service of notice, the defendant has an opportunity to move to suppress the identification, and the court may hold a Wade [*2]hearing (United States v Wade, 388 US 218) to determine whether the identification was the product of undue suggestiveness (see People v Pacquette, 25 NY3d 575, 579; People v Boyer, 6 NY3d at 431). "If the People fail to provide notice, the prosecution may be precluded from introducing such evidence at trial" (People v Pacquette, 25 NY3d at 579). However, where the identification was merely confirmatory, the defendant is not entitled to a Wade hearing, and "the People are not obligated to provide notice pursuant to CPL 710.30(1)(b)" (People v Boyer, 6 NY3d at 431). Contrary to the defendant's contention, the court properly denied his motion to preclude the witness's identification testimony, as the identification procedure in question was merely confirmatory (see People v Walker, 289 AD2d 53, 53; People v Lainfiesta, 257 AD2d 412, 415; People v Archie, 200 AD2d 676, 676).
Contrary to the defendant's contention, raised in his pro se supplemental brief, the double jeopardy clauses of the United States Constitution (US Const 5th, 14th Amends) and the New York Constitution (NY Const, art I, § 6) did not bar his retrial after the first trial ended in a mistrial. There is no evidence that the prosecutor acted with a bad-faith intent to provoke a mistrial (see Matter of Gorghan v DeAngelis, 7 NY3d 470, 473; People v Browne, 144 AD3d 834, 834).
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court